UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BARBARA HARSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18-cv-1403 |
| ) | |
| MARLETTE FUNDING LLC d/b/a Best Egg, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, BARBARA HARSH ("Plaintiff"), by her attorneys, and hereby alleges the following against MARLETTE FUNDING LLC d/b/a Best Egg ("Defendant"):

### Introduction

1. This action is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("Deceptive Business Practices Act"), 815 ILCS 505/1 *et seq.*, and invasion of privacy.

### Jurisdiction and Venue

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d).

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the Deceptive Business Practices Act and invasion of privacy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## Parties

5. Plaintiff is a natural person residing in El Paso, Illinois in Woodford County.

6. Plaintiff is a "consumer" and/or a "person" as defined by 815 ILCS 505/1(c) and (e) of the Deceptive Business Practices Act.

7. Defendant is a business entity that conducts business in the State of Illinois.

8. Defendant's actions toward Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

10. Plaintiff obtained a personal loan from Best Egg.

11. The funds from the loan were used for personal, family, and household purposes.

12. Due to economic hardship, Plaintiff fell behind on her loan payments

13. After she fell behind on payments, Defendant began calling her to collect payment.

14. These calls were placed to telephone number (309) 319-10XX.

15. Telephone number (309) 319-10XX is assigned to Plaintiff's cellular telephone.

16. These calls were for a non-emergency purpose.

17. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system.

18. On or about May 2, 2018, Plaintiff spoke with Defendant.

19. During this conversation Plaintiff instructed Defendant to stop calling her cell phone.

20. Defendant stated that it would note Plaintiff's account.

21. Defendant called Plaintiff's cell phone after May 2, 2018.

22. Defendant used an automatic telephone dialing system to call Plaintiff's cell phone after May 2, 2018.

23. Between My 5, 2018 and August 31, 2018, Defendant called Plaintiff's cell telephone at least 296 times.

24. Defendant called Plaintiff multiple times in a single day.

25. Defendant called Plaintiff up to four times in a single day.

26. Defendant did not have Plaintiff's express consent to place these calls using an automatic telephone dialing system.

27. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unlawful attempts to collect a debt.

28. Plaintiff felt annoyed and harassed by Defendant disregard of her instruction to stop calling on all accounts and its repeated, and excessive, phone calls.

## Count I
## Telephone Consumer Protection Act

29. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

30. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Count II
### Illinois Consumer Fraud And Deceptive Business Practices Act

32. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

33. The Deceptive Business Practices Act states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

34. The Deceptive Business Practices Act also states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

815 ILCS 505/10a

35. Defendant's attempt to collect a debt is part of the conduct of a trade or commerce.

36. Defendant engaged in an unfair business practice with respect to its telephone collection conduct directed against Plaintiff.

37. It was unfair for Defendant to relentlessly call Plaintiff using an ATDS after Plaintiff instructed Defendant to stop calling him.

38. Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct.

### Count III
### Invasion of Privacy

39. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

40. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

41. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone after he instructed it to stop.

42. Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive to a reasonable person in that position.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a) Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

b) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

c) All actual, punitive and other damages to which Plaintiff is entitled;

d) Enjoining Defendant from further contacting Plaintiff;

e) Award reasonable attorneys' fees, litigation expenses and costs; and

f) Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: November 2, 2018

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff